UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMADOR IRRIZARY-SANABRIA,

v.   Case No. 8:02-cr-490-T-17TBM
     8:05-cv-436-T-17TBM

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. Doc. cv-1; cr-89

BACKGROUND

On December 17, 2002, the defendant and Luis Montanez-Perez were indicted for conspiring to distribute and to possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); and possessing 500 grams or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(ii) (Count Two). Doc. cr-6. On March 20, 2003, after entering into a plea agreement with the United States (Doc. cr-21), the defendant pled guilty to Count One. Doc. cr-26, cr-80 at 7.

In his plea agreement, defendant waived his right to appeal his sentence except to the extent that the sentence imposed included an upward departure from the sentencing

guidelines, was in excess of the statutory maximum, or was in violation of the law apart from the sentencing guidelines:

> [T]he defendant . . . expressly waives the right to appeal [his] sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines . . . .

Doc. cr-21 at 12.

At the change of plea hearing on March 20, 2003, the United States Magistrate Judge reviewed with defendant his waiver of his right to appeal the sentence and asked whether defendant understood the consequences of that waiver. Doc. cr-80 at 18-19. Defendant responded that he did:

> THE COURT: Finally, at page 12, there is a provision dealing with the matter of appeal. This is a very important provision. This language has the effect of limiting or restricting your right to an appeal in this case. It is somewhat difficult language to work through, but, basically, what it says is that there are two ways you can initiate an appeal.
>
> The first way would be that if you received an illegal sentence, this provision would allow you to appeal that illegal sentence. An example of that would be a sentence which is for more than what the law allows. Here the mandatory minimum is five years. If you got a ten-year mandatory minimum, that would be illegal. You could appeal that.
>
> The second way you could take an appeal by this language would be that if your sentence here is governed by the guidelines, and the Court calculated your guidelines at this particular level, but then sentenced you in a higher range, we call that an upward departure. You could appeal that upward departure.
>
> However, because of this language, those are the only two ways that you can take an appeal. The only exception, the only exception is if the government decides to appeal. And if that happens, then you have the right to appeal anything you wish.
>
> The practical effect of this language is that when you show for sentencing, if the Judge calculates your guidelines and then appropriately

>sentences you within the guidelines, you're going to [be] stuck with that sentence, even if it turns out to be longer than you anticipated, as long as it is lawful. Do you understand that?
>
>THE DEFENDANT: Yes, sir.

Doc. cr-80 at 18-19.

On April 25, 2003, the Court accepted defendant's guilty plea and entered an adjudication of guilt as to Count One of the Indictment. Doc. cr-39. On August 8, 2003, after overruling defendant's objections to his designation as a career offender, and denying defendant's motion for downward departure pursuant to USSG § 5h1.4, the district court sentenced the defendant to the low end of the guidelines range -- 188 months imprisonment. Doc. cr-81, 14-18, 22, 33-34, cr-49, cr-50.

The defendant directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 03-15130-HH. On appeal, the defendant raised whether the trial court committed error when it overruled defendant's objection to his sentencing guidelines calculation and sentenced him as a career offender based on two convictions for crimes that obviously involved the same underlying conduct and for which he therefore previously received concurrent sentences. (See Exhibit A to Doc. cv-5).

On April 9, 2004, the United States filed a Motion for Dismissal of Appeal Based Upon Appeal Waiver Provision in Plea Agreement. (See Exhibit B to Doc. cv-5) In his Opposition to Government's Motion to Dismiss the Appeal, defendant claimed that (1) the appeal waiver language in the plea agreement and the plea colloquy were less than clear, Exhibit C to Doc. cv-5 at 7-9; (2) the appeal waiver language in the plea agreement is both illegal and unenforceable, Id. at 9-10; and (3) the government gave little or nothing in exchange for defendant's guilty plea and appeal waiver. Id. at 10.

On May 12, 2004, the Government's motion to dismiss the appeal due to a valid appeal waiver was granted. Doc. cr-83. Defendant filed a Petition for Writ of Certiorari with the United States Supreme Court. That petition was denied on September 2004. Doc. cv-1 at 4, ¶ 11(d). On March 7, 2005, defendant timely filed his Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 ("section 2255 motion") and Memorandum of Law. Doc. cv-1 and 2.

Defendant raises the following claims:

Ground One: Imposition of illegal sentence[1] by the district court cannot make it impossible for defendant to waive his right to appeal his sentence. "No person should be . . . deprived of liberty or property, without due process of law." U.S. Constitution, Amendment V. Doc. cv-1 at 5, cv-2 at 2-5.

Ground Two: The trial court committed error when it overruled the defendant's objection to his sentence guidelines calculation and sentenced him as a career offender based on two prior convictions for crimes that obviously involved the same underlying conduct and for which he therefore previously received concurrent sentences. Doc. cv-1 at 5, cv-2 at 6-9.

DISCUSSION

A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

To the extent the defendant raises Blakely/Booker claims, (Doc. cv-2 at 3-4) (Ground One) the defendant is not entitled to consideration of these claims because the

---

[1] District court's errors were in violation to defendant's Fifth and Sixth Amendment rights according to Blakely v. Washington, 542 U.S. 296 (2004) Doc. cv-2 at 3.

Blakely/Booker rule is not retroactively applicable on collateral review.

Defendant's Blakely claim on Ground One and his sentencing claims on Ground Two are waived by the appeal waiver provision of defendant's plea agreement.

Additionally, the defendant is not entitled to consideration of his complaints about the plea waiver on Ground One or the sentencing claims on Ground Two due to prior resolution. These claims are restatements of the issues raised and lost in defendant's Appellate Brief and Opposition to Government's Motion to Dismiss the Appeal.

### Ground One

Defendant contends that his sentence violates Blakely, and consequently, he is entitled to be re-sentenced. Doc. cv-2 at 3-5.

Collateral review is designed to ensure that courts conduct their proceedings in a manner consistent with the law in existence at the time "and not to provide a mechanism for the continuing reexamination of final judgments based upon later emerging legal doctrine." Sawyer v. Smith, 497 U.S. 227, 234 (1990). Accordingly, except in limited circumstances, new[2] constitutional decisions apply retroactively only to cases that are on direct appeal at the time the rule is announced. See Teague v. Lane, 489 U.S. 288, 309 (1989); Griffith v. Kentucky, 479 U.S. 314, 328 (1987). A rule can be applied retroactively only if it (1) is substantive, meaning that it "narrow[s] the scope of a criminal statute by interpreting its terms . . . [or] place[s] particular conduct or persons covered by the statute beyond the State's power to punish[,]" Schiro v. Summerlin, 124 S. Ct. 2519, 2522 (2004) (citations omitted), or (2) requires the observance of "those procedures that . . . are 'implicit

---

[2] A rule is "new" within the meaning of Teague if it "breaks new ground or imposes a new obligation on the States or the Federal Government," or reaches a result that "was not dictated by precedent existing at the time the defendant's conviction became final." 489 U. S. at 301.

in the concept of ordered liberty[,]'" see Teague, 489 U.S. at 305-11 (1989) (citing, as an example, the right to counsel at trial) (internal citations omitted).

Although the question of whether Blakely applied to the Sentencing Guidelines has been decided by United States v. Booker, 543 U.S. 220 (2005), nothing in Booker makes Blakely's Sixth Amendment holding retroactive. In Booker, the Supreme Court held that Apprendi v. New Jersey, 530 U.S. 466 (2000), applies to the federal sentencing guidelines so that the imposition of an enhanced sentence based upon facts not found by a jury beyond a reasonable doubt (other than the fact of a prior conviction) violates the Sixth Amendment. Booker, 125 S. Ct. at 746, 749. The Court held further, however, that the statutory provision that makes the guidelines mandatory-- so as to render them unconstitutional under the first part of the Court's opinion--was severable. Id. at 764-65. The Court held, therefore, that, although the sentencing guidelines cannot constitutionally require a district court to impose a sentence within a particular range, district courts must continue to consult the guidelines and take them into account when sentencing. Id. at 765. The Court stated that, by continuing to consult the guidelines in fashioning appropriate sentences, district courts will "continue to move sentencing in Congress's preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary." Id. at 767.

Title 18 section 3553(a), which remains unaffected by Booker, see 125 S. Ct. at 766, sets forth the factors a sentencing court should consider, including "the nature and circumstances of the offense and the history and characteristics of the defendant," and, among other things, the kinds of sentence and the sentencing range established for "the applicable category of offense committed by the applicable category of defendant as set

forth in the [sentencing] guidelines[.]" 18 U.S.C. § 3553(a). Thus, district courts must continue to examine and consider the sentencing guidelines when fashioning appropriate sentences. See 125 S. Ct. at 767 ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."); United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005) ("The same extra-verdict enhancement provisions apply after Booker as before. . . . All that has changed is that the guidelines range is now advisory; it no longer dictates the final sentencing result but instead is an important factor that the sentencing court is to consider along with the factors contained in § 3553(a) in reaching the sentencing result."); see also United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005) (same).

The constitutional rule announced in Blakely/Booker is a "prototypical procedural rule" that "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to section 2255 cases on collateral review." See Varela v. United States, 400 F. 3d 864, 867 (11th Cir. 2005) (citing Summerlin). Accordingly, relief pursuant to Blakely/Booker is not available to federal prisoners whose convictions were final on the date Booker was announced. Varela, 400 F.3d at 868.

This Court sentenced the defendant in a proceeding that was consistent with the law in existence at the time. Defendant's conviction then became final on September 2004, months before Booker was decided in January 12, 2005. Accordingly, defendant is not entitled to relief on his Blakely/Booker claims.

## Ground Two

Defendant has waived the right to appeal his sentence, directly or collaterally, on the grounds he raises in this petition. The right to appeal is statutory and can be waived

knowingly and voluntarily. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). For this Court to enforce an appeal waiver contained in a plea agreement, the United States need only demonstrate either that this Court specifically questioned the defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. Williams, 396 F.3d at 1342; Bushert, 997 F.2d at 1351. A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. See Williams, 396 F.3d at 1342; United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001); Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000). Moreover, it includes "a waiver of the right to appeal difficult or debatable legal issues--indeed, it includes a waiver of the right to appeal blatant error." United States v. Rubbo, 396 F.3d 1330, 1331, 1333-35 (11th Cir. 2005) (sentence appeal waiver allowing defendant to appeal sentence above "statutory maximum" did not allow for appeal of sentence on ground that it was imposed in violation of Booker principles); see also United States v. Frye, 402 F. 3d 1123 (11th Cir. 2005) (rejecting argument that entry into plea agreement had been uninformed or involuntary and holding that sentence appeal waiver did not allow for appeal of sentence on ground that sentence was imposed in violation of Booker principles); United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005) (sentence appeal waiver did not allow for appeal of sentence on ground that sentence was imposed in violation of Booker principles).

In this case, the magistrate judge who conducted defendant's plea hearing specifically questioned defendant about his appeal waiver during the Fed. R. Crim. P. 11 colloquy, and it is clear from the record that defendant understood the full significance of the waiver. Doc. cr-80 at 18-19. Despite having waived the right to appeal his sentence, "directly or collaterally, . . . on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines," Doc. cr-21 at 12, defendant asserts in his memorandum that this Court erred by "inappropriately" sentencing him as a career offender, Doc. cv-2 at 3-4, 6-9. Defendant clearly waived this argument in his plea agreement, and he is not entitled to review of this argument in this petition. See Grinard-Henry, supra (arguments based on error in application of the sentencing guidelines "clearly were waived by the appeal waiver and merit no further discussion").

Defendant's claim that his sentence is illegal based on Blakely/Booker (Doc. cv-2 at 3-4) is also waived. The right to appeal on Blakely/Booker grounds can be waived in a plea agreement. See Frye; Grinard-Henry; Rubbo, 396 F.3d at 1333-35. "'Broad waiver language,'" like the language in the appeal waiver in this case, "'covers those grounds of appeal.'" See Grinard-Henry, (quoting Rubbo, 396 F.3d at 1335, and examining a plea agreement containing an appeal waiver identical to the one in this case).

Booker provides no other basis for denial of this motion. Rubbo, 396 F.3d at 1333-35 (rejecting argument that Booker re-defined "statutory maximum" for purposes of sentence appeal waiver and dismissing appeal based on waiver). Nothing in Booker suggests that a defendant may not enter waivers of rights or enter into stipulations when pleading guilty. See Rubbo, 396 F.3d at 1333-35 (plea agreements must be interpreted

"in accord with what the parties intended" and, in the absence of record evidence to the contrary, "statutory maximum" must be given its "ordinary and natural meaning" and not the "specialized" meaning discussed in <u>Blakely</u> and <u>Booker</u>). Thus, defendant's plea agreement, in which he knowingly and voluntarily waived the right to appeal his sentence, remains enforceable despite Booker.

Therefore, because defendant's claims are not based on "an upward departure ..., a sentence above the statutory maximum, a sentence in violation of the law apart from the sentencing guidelines, or the applicability of the "safety valve" provisions[,]" Doc. cr-21 at 12, this Court, like the Eleventh Circuit has already done, will not consider them. If this Court were to entertain defendant's section 2255 motion, it would permit defendant to proceed in contravention of the plain meaning of his plea agreement and deny the Government the benefit for which it bargained. <u>See Buchanan</u>, 131 F.3d 1005, 1008 (11th Cir. 1997).

Prior resolution by the Eleventh Circuit of the defendant's claims regarding his plea and sentencing bars reconsideration of these claims. Specifically, defendant's claim raised in Ground One of his 2255 (Doc. cv-2, at 4-5), that the plea agreement waiver was less than clear and difficult to follow, was previously raised in defendant's Opposition to Government's Motion to Dismiss Appeal. Exhibit C to Doc. cv-5 at 6-9). Defendant's claims raised in Grounds One and Two of his 2255 (Doc. cv-2 at 3-9), that the court erred in sentencing him as a career offender, were also previously raised in defendant's appeal brief and his Opposition to Government's Motion to Dismiss Appeal. Exhibit A to Doc. cv-5 at 6-11 and Exhibit C at 7-8.

The Eleventh Circuit resolved these issues on May 12, 2004 when it summarily

granted the Government's motion and dismissed defendant's appeal due to a "valid" appeal waiver. Doc. cr-83.

Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. Davis v. United States, 417 U.S. 333 (1974); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)); see also Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal). The defendant has established no extraordinary circumstances that would justify reconsideration of this claim. See Schlup v. Delo, 513 U.S. 298 (1995); Davis v. United States, 417 U.S. 333 (1974). Therefore, the defendant's claims are procedurally barred due to prior resolution.

Defendant has not shown cause and prejudice in his motion or in his reply to overcome the procedural bar. Furthermore, although Defendant titles his reply a counterclaim, the document is not a counterclaim.

Accordingly, the Court orders:

That defendant's motion to vacate (Doc. cv-1; cr-89) is denied with prejudice. The Clerk is directed to enter judgment against defendant Irrizary-Sanabria in the civil case and to close that case.

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of

appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 11, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Maria C. Lopez

Amador Irrizary-Sanabria